# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROBERT LANG, <br><br> Plaintiff, <br><br> v. <br><br> SIG SAUER INC., <br><br> Defendant. | Civil Action <br> No._____ |

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Sig Sauer, Inc. ("Sig Sauer"), by and through its undersigned attorneys, hereby removes the state court action entitled *Robert Lang v. Sig Sauer Inc.*, bearing Case No. 21EV005070, in the State Court of Fulton County, State of Georgia (hereinafter "State Court Action") to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully represents as follows:

1. Annexed as Exhibit A to this Notice of Removal is the Declaration of Steven Shawver. All exhibits – including all process, pleadings, and orders served

on or by Sig Sauer required by 28 U.S.C. § 1446(a) – are offered and attached as follows:

| EXHIBITS | DESCRIPTION |
|---|---|
| B | Plaintiff's Original Complaint |
| C | Plaintiff's Original Summons |
| D | Sig Sauer's Acknowledgement of Service |
| E | Plaintiff's September 3, 2020 Demand Letter |
| F | Notice of Filing Notice of Removal |

## FACTUAL BACKGROUND

2.      In his Complaint, Plaintiff Robert Lang brings claims against Defendant Sig Sauer for personal injuries that he allegedly sustained on December 11, 2018, arising out of the discharge of his Sig Sauer P320 model pistol (the "Subject Pistol").

3.      Plaintiff brings claims for (1) negligence; (2) breach of the implied warranty of merchantability; (3) strict liability; (4) negligent infliction of emotional distress; (5) punitive damages; and (6) attorney's fees.[1]

---

[1] Plaintiff notes in his Complaint that he also asserts a claim for breach of express warranty but no such claim is made in the Complaint. *See* Exhibit B, ¶ 15 ("Mr. Lang brings causes of action under Georgia law for negligence, strict products liability, breach of express warranty . . . .").

## PROCEDURAL BACKGROUND

4. Plaintiff electronically filed his complaint in the State Court Action on August 25, 2021 ("Complaint"). *See generally* Exhibit B.

5. Sig Sauer accepted service of the Complaint by signing an Acknowledgement of Service on September 16, 2021

## DIVERSITY JURISDICTION

6. This Court has subject matter jurisdiction over this action and all claims asserted against Sig Sauer pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Sig Sauer are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Diversity of Citizenship**

*a. Diversity Jurisdiction Exists Between Plaintiff and Sig Sauer.*

7. Plaintiff is a citizen of the State of Georgia. *See* Ex. B at ¶ 1 ("Plaintiff Robert Lang is a citizen and resident of the State of Georgia and resides at 635 Kingsport Drive, Roswell, Fulton County, Georgia 30076.").

8. Defendant Sig Sauer is a corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business in Newington, New Hampshire. *See* Ex. A at ¶ 4.

9. Both parties are thus citizens of different states.

## The Amount in Controversy Exceeds $75,000

10. Diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a).

11. If a plaintiff does not specify a damages figure in state court, a removing defendant must prove by "'a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Painter v. Sixt Rent A Car, LLC*, No. 1:20-CV-1494-LMM, 2020 WL 6106625, at *1 (N.D. Ga. June 17, 2020) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

12. When a defendant removes a case, the court may determine if the required amount in controversy exists based on both "initial complaint or a later received paper" that the defendant introduces. *Id.* (internal quotations and citation omitted). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (citation omitted).

13. In this case, Plaintiff's Complaint has not pled a specific amount of damages. However, considering Plaintiff's alleged injuries, over $50,000 in medical

expenses, a $375,000 settlement demand, and claims for punitive damages as well as attorneys' fees, the Court should find by a preponderance of the evidence that the amount-in-controversy requirement is met.

### *Plaintiff's Alleged Injuries*

14. According to Plaintiff's Complaint, the inadvertent discharge of the Subject Pistol caused "serious and permanent injuries" to his right leg, leading to "loss of earnings, medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life." *See* Ex. B, ¶¶ 13–14, 38.

15. In the future, "Plaintiff may suffer loss of earnings, loss of earning capacity, and additional medical and other necessary expenses, personal inconvenience, mental and physical pain and suffering, and an inability to lead a normal life." *Id.* ¶ 38. Therefore, Plaintiff claims severe and permanent injuries.

### *Plaintiff's Settlement Demand*

16. A court should also consider any settlement demand in determining if the amount-in-controversy threshold is met. *See, e.g.*, *Painter*, 2020 WL 6106625, at *2 (finding that the amount in controversy exceeded the jurisdictional threshold

of $75,000 given plaintiff's settlement demand of $65,282.50 and punitive damages claim in product liability action).

17. Here, Plaintiff's September 3, 2020, settlement letter demanded $375,000.00 to resolve the matter. *See* Exhibit E. For that reason alone, Plaintiff's claimed damages exceed the required threshold.

### *Plaintiff's Claims for Punitive Damages and Attorneys' Fees*

18. In addition to the above, the Court should also consider claims for punitive damages and attorneys' fees in its analysis. *See, e.g.*, *Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016) (affirming district court's inclusion of punitive damages in amount-in-controversy calculation); *Ramos v. Aetna Life Ins. Co.*, No. 1:17-CV-160-CAP, 2017 WL 7805607, at *1 (N.D. Ga. Feb. 17, 2017) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

19. Here, Plaintiff brings claims for both punitive damages under O.C.G.A. § 51-12-5.1 and for attorneys' fees under O.C.G.A. § 13-6-11. *See* Ex. B ¶¶ 61, 64. Sig Sauer, of course, disputes that it is liable in any amount to Plaintiff and certainly denies any basis for the imposition of punitive damages or an award of attorneys' fees.

20. To summarize, in consideration of Plaintiff's alleged injuries, $375,000.00 settlement demand, and claims for punitive damages and attorneys' fees, the amount-in-controversy requirement is easily satisfied. *See Ramos*, 2017 WL 7805607, at *2 ("This court in using its judicial experience and common sense, concludes that the allegations in the plaintiff's complaint are sufficient to show that the amount in controversy exceeds $75,000.00.").

## VENUE

21. Venue properly rests in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S. Code § 90(a)(2), LR 3.1, and LR App. A, I to the Local Civil Rules, because the Atlanta Division is the federal judicial division encompassing the State Court of Fulton County, State of Georgia, wherein this action was originally filed.

22. Pursuant to 28 U.S.C. § 1446(b), Sig Sauer is filing this Notice with this Court, serving a copy of this Notice upon Plaintiff's counsel, and filing a copy in the State Court of Fulton County, State of Georgia.

## TIMELINESS OF REMOVAL

23. Service was completed on Sig Sauer on September 16, 2021 when Sig Sauer signed an Acknowledgement of Service, so this Notice of Removal is timely

pursuant to 28 U.S.C. §1446(b) since it is being filed within thirty (30) days of service on Sig Sauer. *See* 28 U.S.C. §1446(b) (requiring that, in order to be timely, "[a] notice of removal must be filed within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

24. Thus, this Notice of Removal is timely.

WHEREFORE, Defendant Sig Sauer, Inc. respectfully requests that this Court assume jurisdiction over the above-described action now pending in the State Court of Fulton County, State of Georgia, pursuant to 28 U.S.C. §§ 1332 and 1441.

Respectfully submitted this 11th day of October, 2021.

        **DREW, ECKL & FARNHAM, LLP**

        */s/ Andrew D. Horowitz*
        Andrew D. Horowitz
        Georgia Bar No. 367815
        Steve A. Miller
        Georgia Bar No. 508375
        ***Attorneys for Defendant***

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404)876-0992
Email:  horowitza@deflaw.com
Email:  millers@deflaw.com

        **LITTLETON PARK JOYCE UGHETTA
         & KELLY LLP**

        */s/ B. Keith Gibson*
        B. Keith Gibson, Esq.
        (*Pro Hac Vice Application Pending*)
        ***Attorneys for Defendant Sig Sauer, Inc.***

The Centre at Purchase
4 Manhattanville Road
Suite 202
Purchase, NY 10577
Telephone: (914) 417-3400
Facsimile:  (914) 417-3401
keith.gibson@littletonpark.com

11935524/1
05769-213227

## CERTIFICATE OF FONT COMPLIANCE

The undersigned hereby certifies that *Notice of Removal of Civil Action* has been prepared with one of the font and point selections approved by the Court in LR 5.1(b):  Times New Roman (14 point).

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Notice of Removal of Civil Action* upon counsel of record by electronically filing it with the Clerk of Court using the Electronic CM/ECF System and by forwarding a copy of same via United States Mail, postage prepaid to the to the following counsel of record, addressed as follows:

>Nicholas T. Protentis
>Matthew P. Bonham
>Protentis Law LLC
>5447 Roswell Road, NE
>Atlanta, GA 30342
>nick@protentislaw.com
>matt@protentislaw.com

This 11th day of October, 2021.

>**DREW, ECKL & FARNHAM, LLP**
>
>*/s/ Andrew D. Horowitz*
>Andrew D. Horowitz
>Georgia Bar No. 367815
>***Attorneys for Defendants***

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
Email:  ahorowitz@deflaw.com

11935524/1
05769-213227