IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT LANG,<br><br>     Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>     Defendant. | Civil Action No. 1:21-cv-04196-CAP |

**Joint Preliminary Report and Discovery Plan**

1. **Description of Case:**

   **(a) Describe briefly the nature of this action.**

   This is a product liability action involving personal injuries sustained by Plaintiff Robert Lang when his model P320 pistol, designed and manufactured by Defendant Sig Sauer, Inc. ("Sig Sauer") discharged, resulting in a bullet going through his thigh. Plaintiff claims that the pistol was fully seated in his Blackpoint RH Dual Point Sig Sauer P320 holster when the incident occurred and that - due to a defect in the design and/or manufacture of the firearm – his P320 pistol fired without its trigger being pulled.

It is Sig Sauer's position that the internal safeties prevent the P320 pistol from firing without a trigger pull. Sig Sauer inspected the subject P320 pistol and confirmed it was operating properly with the internal safeties functioning. There were no broken or missing pieces in the pistol. As a result, the only way it could have discharged is if something pulled the trigger.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**By Plaintiff**:

On the evening of December 11, 2018, Plaintiff Robert Lang was at his home in Roswell, Georgia, when his Sig Sauer P320 pistol spontaneously fired, sending a 9 mm round through his leg. Mr. Lang – a Georgia Weapons Carry licensee who has years of experience safely handling and using firearms – carried the subject pistol in a holster attached to his belt on the right side of his body, slightly towards his back at the "4 o'clock" position. He had just loosened his belt and placed his hand on the back of the pistol (while it was still fully seated in its holster) when the weapon suddenly fired, resulting in a bullet piercing his upper thigh, ripping through his muscle tissue and exiting his body just above his knee. At no point during the process of attempting to remove the holstered pistol from his belt did Mr. Lang's fingers come into contact with the trigger.

Plaintiff contends that the Sig Sauer P320 contains a defect that allows it to fire spontaneously with only slight movement and without the trigger being pulled. Plaintiff further contends that what happened to him is not an isolated incident; there are dozens and dozens of reports of P320 pistols discharging without a trigger pull. Therefore, Plaintiff asserts that Defendant Sig Sauer was negligent in designing, manufacturing, selling, supplying, and distributing the P320 pistol, and in failing to warn Plaintiff of the product's propensity to fire without a trigger pull. Plaintiff maintains that Defendant's negligence was the direct and proximate cause of the damages he sustained. Plaintiff also asserts that Defendant Sig Sauer, in selling, supplying and/or otherwise distributing the P320 pistol, impliedly warranted that it was safe and fit for the ordinary purpose for which it was intended, when, in fact, it was not fit for ordinary and normal use and, as such, did not conform to said promises and warranties. Plaintiff also asserts that the P320 was not merchantable and reasonably suited for its intended use pursuant to O.C.G.A. § 51-1-11(b)(1).

Based on the foregoing assertions and allegations, Plaintiff seeks to recover special damages, including past and future medical expenses, general damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, as well as punitive damages and attorney's fees.

**By Defendant:**

Plaintiff fired a round into his leg while he was trying to remove his holstered pistol from his belt. Plaintiff claims that his P320 pistol fired without him pulling the trigger, but a post-accident inspection confirmed the pistol was operating properly with all of its internal safeties functioning. There were no broken or missing pieces in the pistol. The internal safeties in the P320 pistol prevent it from firing without trigger actuation. As a result, the only way the subject P320 pistol could have fired is through manipulation of the trigger by plaintiff's finger or some foreign object.

**(c) The legal issues to be tried are as follows:**

**<u>By Plaintiff:</u>**

1. Whether Defendant Sig Sauer was negligent in designing the subject pistol;

2. Whether Defendant Sig Sauer was negligent in manufacturing, assembling, inspecting and/or testing the subject pistol;

3. Whether Defendant Sig Sauer was negligent in selling, supplying, and/or distributing the subject pistol;

4. Whether Defendant Sig Sauer was negligent in failing to warn Plaintiff of a product defect that it knew or reasonably should have known existed in its product prior to the loss at issue and whether it was negligent in failing to issue a mandatory recall of the product;

5. Whether Defendant Sig Sauer's negligence was a proximate cause of Plaintiff's damages;

6. Whether Defendant Sig Sauer breached an implied warranty that its product was safe and/or fit for ordinary and normal use;

7. Whether Defendant Sig Sauer's breach of an implied warranty was a proximate cause of Plaintiff's damages;

8. Whether Defendant Sig Sauer is strictly liable to Plaintiff, pursuant to O.C.G.A. § 51-1-11(b)(1), for selling and/or distributing a product that was not merchantable and reasonably suited for its intended use;

9. Whether Defendant Sig Sauer demonstrated a conscious disregard for the rights and safety of Plaintiff and others equally situated to warrant Plaintiff's recovery of punitive damages;

10. Whether Defendant Sig Sauer is liable to Plaintiff, pursuant to O.C.G.A. § 13-6-11, for his attorney's fees and expenses of litigation.

**By Defendant:**

1. Whether the subject P320 pistol was defective in design or manufacture.

2. Whether any defect in the subject P320 pistol caused it to discharge without a trigger pull in the subject incident.

3. Whether Defendant Sig Sauer was negligent in the design or manufacture of the subject P320 pistol or in the warnings that accompanied the P320 model pistol.

4. Whether Defendant Sig Sauer breached any implied warranties that accompanied the P320 model pistol.

**(d) The cases listed below (include both style and action number) are:**

    **(1)  Pending Related Cases:** None

      **(2)   Previously Adjudicated Related Cases:** None

**2.   This case is complex because it possesses one or more of the features listed below (please check):**

   \_\_\_\_\_   (1)   Unusually large number of parties
   \_\_\_\_\_   (2)   Unusually large number of claims or defenses
   \_\_\_\_\_   (3)   Factual issues are exceptionally complex
   \_\_\_\_\_   (4)   Greater than normal volume of evidence
   __X__   (5)   Extended discovery period is needed
   \_\_\_\_\_   (6)   Problems locating or preserving evidence
   \_\_\_\_\_   (7)   Pending parallel investigations or action by government
   __X__   (8)   Multiple use of experts
   \_\_\_\_\_   (9)   Need for discovery outside United States boundaries
   __X__   (10) Existence of highly technical issues and proof
   \_\_\_\_\_   (11) Unusually complex discovery of electronically stored information

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**   Matthew P. Bonham
Georgia Bar No. 333759
Nick T. Protentis
Georgia Bar No. 176067
Protentis Law LLC
5447 Roswell Road NE
Atlanta, Georgia 30342
Telephone: (404) 593-2460
Email: matt@protentislaw.com
Email: nick@protentislaw.com

**Defendant:**   Andrew D. Horowitz
Georgia Bar No. 367815
Steve A. Miller

>Georgia Bar No. 508375
>Drew Eckl & Farnham, LLP
>303 Peachtree Street, NE
>Suite 3500
>Atlanta, GA 30308
>Telephone: (404) 885-1400
>Email: ahorowitz@deflaw.com
>Email: smiller@deflaw.com
>
>B. Keith Gibson (Admitted Pro Hac Vice)
>Littleton Park Joyce Ughetta & Kelly LLP
>4 Manhattanville Road
>Suite 202
>Purchase, NY 10577
>Telephone: (914) 417-3400
>Email: keith.gibson@littletonpark.com

**4.  Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

\_\_\_\_**Yes**  \_X\_\_**No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.  Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None

**(b) The following persons are improperly joined as parties:**

None

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None anticipated at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)** *Motions to Compel***: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** *Summary Judgment Motions:* **within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** *Other Limited Motions***: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** *Motions Objecting to Expert Testimony:* <u>**Daubert**</u> **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties have no objection to serving initial disclosures.

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.     Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

(a) Plaintiff states as follows with respect to the subjects on which discovery may be needed:

Plaintiff will seek deposition testimony and discovery documentation from Defendant regarding other similar incidents, the design, operation, manufacturing, testing, and selling of the P320 pistol. Plaintiff will also seek deposition testimony from engineers and/or other experts identified by Defendant, as well as the engineers and/or experts retained by Defendant to inspect and/or perform any testing of the subject firearm.

(b) Defendant states as follows with respect to the subjects on which discovery may be needed:

Defendant will seek discovery on Plaintiff's purchase and use of the subject P320 pistol, the extent of his injuries and treatment, the level of damages being sought by Plaintiff. Defendant will seek deposition testimony from any experts retained by Plaintiff to opine as to any defects in the subject P320 pistol and how any such defect caused the subject discharge incident.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Additional time beyond the 4-month discovery track assigned by the Court will most likely be necessary to complete discovery because this case involves highly technical issues of proof, voluminous document production, and the scheduling/coordinating of multiple fact and expert witness depositions, some of which are likely to be taken outside the state of Georgia. Therefore, the parties respectfully submit that an 8-month discovery track is more appropriate for this matter.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None, subject to objections and privileges otherwise available under the Federal Rules of Civil Procedure or other applicable statutes and/or case law.

**(b) Is any party seeking discovery of electronically stored information?**

   __X__ Yes            _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

11

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have not agreed to limit the scope of electronically stored information at this time. In the event of a disagreement over the scope or format of production of electronically stored information, the parties agree to meet and/or confer in an attempt to resolve such issues prior to any involvement of this Court.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to a paper, TIFF or PDF production of any electronically stored documents. The parties do not currently anticipate any substantial disagreement over the format for production. However, in the event of a disagreement over the scope or format of production, the parties agree to confer via telephone or in person to resolve any issues to any involvement of this Court.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate requesting that the Court enter a confidentiality order (to be mutually agreed upon and executed by the parties at a future date) that governs the production of "Confidential Information" deemed otherwise responsive to discovery requests in this matter. The agreement will define "Confidential Information" to include proprietary or trade secret information related to Defendant's products. The parties believe that such an order will facilitate the more efficient exchange of information during the discovery process.

**13.    Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** Monday, October 25, 2021, **and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff: Lead counsel (signature):** /s/ Matthew P. Bonham

    **Other participants**: Nick T. Protentis

**For defendant: Lead counsel (signature):** /s/ B. Keith Gibson

    **Other participants:** Andrew D. Horowitz

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

    (_____) A possibility of settlement before discovery.
    (__X__) A possibility of settlement after discovery.

**(_____) A possibility of settlement, but a conference with the judge is needed.**

**(_____) No possibility of settlement.**

**(c) Counsel (_____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____ , 20\_\_\_\_.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

Currently, no specific problems exist to create a hindrance to settlement.

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this\_\_\_\_ day _____, of 20\_\_\_.**

**(b)  The parties ( X) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 10th day of November, 2021.

/s/ Matthew P. Bonham
Matthew P. Bonham
Georgia Bar No. 333759
Nicholas T. Protentis
Georgia Bar No. 176067
Protentis Law LLC
5447 Roswell Road NE
Atlanta, Georgia 30342
Phone: (404) 593-2460

/s/ B. Keith Gibson (by M. Bonham w/ express permission)
Andrew D. Horowitz
Georgia Bar No. 367815
Steve A. Miller
Georgia Bar No. 508375
Drew Eckl & Farnham, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, GA 30308

Fax: (404) 264-1149
Email: matt@protentislaw.com
Email: nick@protentislaw.com

*Attorneys for Plaintiff*

Telephone: (404) 885-1400
Email: ahorowitz@deflaw.com
Email: smiller@deflaw.com

B. Keith Gibson (Admitted Pro Hac Vice)
Littleton Park Joyce Ughetta & Kelly LLP
4 Manhattanville Road, Suite 202
Purchase, NY 10577
Telephone: (914) 417-3400
Email: keith.gibson@littletonpark.com

*Attorneys for Defendant Sig Sauer, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT LANG,<br><br>  Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>  Defendant. | Civil Action No. 1:21-cv-04196-CAP |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____
_____
_____

IT IS SO ORDERED, this ____ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE