## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA  ATLANTA DIVISION

| | |
|---|---|
| **ROBERT BRYAN LANG,** | : |
| **Plaintiff,** | : |
| **v.** | **: NO. 1:21-cv-04196-ELR** |
| | : |
| **SIG SAUER, INC.,** | **: JURY DEMANDED** |
| **Defendant.** | : |
| | : |

## <u>PLAINTIFF'S PROPOSED JURY CHARGES</u>

Plaintiff, Robert Bryan Lang ("Plaintiff"), by and through his undersigned counsel, submits the following proposed statement of contentions and proposed jury instructions for the above matter pursuant to the Court's Order on Trial Matters, ECF No. 91:

**Plaintiff Robert Bryan Lang's Statement of Contentions**

Plaintiff contends that the Sig Sauer P320 is defective because the P320 lacked a trigger safety to reduce the risk of unintended discharges. Sig Sauer is the only gun manufacturer that does not include any external safety on a pre-cocked weapon. No manufacturer has sold a pre-cocked pistol without any external safety before Sig Sauer, and no manufacturer has since. Sig's contention that the P320 does not "require" a trigger safety is not supported by the evidence. Sig Sauer claims the P320 was "drop-safe" without a trigger safety, and because of that Sig Sauer dropped its original plans to include a trigger safety. But Sig Sauer admits it had to redesign the P320's trigger because it was not, in fact, drop safe. Plaintiff's finger never touched the trigger of his holstered P320. Despite this, the gun fired when the trigger was able caused to move and fire. Mr. Lang's P320 trigger was extremely short and was lighter than was required.

Sig Sauer was also negligent in its design, warnings, and information provided to customers of the P320. Sig Sauer's corporate designee and Sig Sauer's own documents show that Sig Sauer did not provide accurate information regarding the pistol, failed to test the P320 for the risk of unintended discharges, and failed to use any of the widely accepted trigger safeties used by its competitors.

As a result, Plaintiff Robert Bryan Lang suffered physical and emotional injuries when the P320 discharged a round into his leg when he attempted to remove his holstered weapon from his pants.

# **Table of Contents**

1.   1.1 General Preliminary Instruction.................................................................4

2.   1.4 Jury Questions..........................................................................................11

3.   1.5 Interim Statements ...................................................................................13

4.   3.1 Introduction .............................................................................................14

5.   3.2.2 The Duty to Follow Instructions – Corporate Party Involved ................15

6.   3.3 Consideration of Direct and Circumstantial Evidence; Argument of
Counsel; Comments by the Court ....................................................................16

7.   3.4 Credibility of Witnesses...........................................................................17

8.   3.5.1 Impeachment of Witnesses Because of Inconsistent Statements ...........18

9.   3.6.1 Expert Witness ......................................................................................19

10.   3.6.2 Expert Witness, When Expert Fees Represent a Significant Portion of
the Witness's Income .......................................................................................20

11.   Burden of Proof, Preponderance of the Evidence Standard..........................21

12.   60.001 Torts Introduction ............................................................................24

13.   60.010 Torts; Ordinary Negligence (Ordinary Diligence) ............................25

14.   60.060 Torts; Negligence; One Act Sufficient .............................................26

15.   60.200 Torts; Proximate Cause; Definition...................................................27

16.   60.202 Torts; Proximate Cause; Foreseeability; Natural and Probable
Consequence; Intervening Cause Rules (Chain Reaction Situation)......................28

17.   62.610 Strict Liability in Tort; General Explanation and Burden of Proof...29

18.   62.640 Strict Liability; Design Defect...........................................................31

19.   62.650 Strict Liability; Design Defect; Risk-Utility Test and Factors..........32

20.   62.660 Strict Liability; Design Defect; Alternative Design Evidence ..........34

21.   62.680 Defect Due to Inadequate Warning ...................................................35

22.   62.683 Continuing Duty to Warn .................................................................36

23.   66.001 Tort Damages; Preliminary Instructions ...........................................37

24.   66.040 Tort Damages; Expenses; Generally; Medical Expenses..................38

25.   66.501 Tort Damages; Pain and Suffering; Generally; Mental; Future ........39

26.   66.503 Tort Damages; Pain and Suffering; Future.........................................40

1.      **1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about; · the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility. Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, **Robert Lang**, claims the Defendant, **Sig Sauer, Inc., designed a particular handgun, the P320, defectively and that design defect caused Mr. Lang's gun to discharge unintentionally causing injuries.  Sig Sauer** denies those claims.

Burden of proof:

**Robert Lang** has the burden of proving his case by what the law calls a "preponderance of the evidence." That means **Mr. Lang** must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring **Mr. Lang** and the evidence favoring **Sig Sauer** on opposite sides of balancing scales, **Mr. Lang** needs to make the scales tip to his side. If **Mr. Lang** fails to meet this burden, you must find in favor of **Sig Sauer.**

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, 5

regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom.

It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the

jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room. Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, **Mr. Lang** will present his witnesses and ask them questions. After **Mr. Lang** questions the witness, **Sig Sauer** may ask the witness questions – this is called "cross-examining" the witness. Then **Sig Sauer** will present its witnesses, and **Mr. Lang** may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it. After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.  You'll then go to the jury room to deliberate.

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**2.      1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses: · First, you must submit all questions in writing. Please don't ask any questions aloud.  Second, the court can't re-call witnesses to the stand for additional

juror questions. If you have a question for a particular witness, you must submit it when I ask.  Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**3.      1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**4.      3.1 Introduction**

Members of the jury: It's my duty to instruct you on the rules of law that you

must use in deciding this case. When I have finished you will go to the jury room

and begin your discussions, sometimes called deliberations

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury

Instructions, Civil Cases (2023 revision).

**5.      3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**6.     3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**7.      3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**8.** **3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**9.     3.6.1 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**10.**    **3.6.2 Expert Witness, When Expert Fees Represent a Significant Portion of the Witness's Income**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion. When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**Source:** This instruction was taken from the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2023 revision).

**11.    Burden of Proof, Preponderance of the Evidence Standard**

In this case it is the responsibility of **Mr. Lang** to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

The term "preponderance" means "greater weight," and, as it is used here, "preponderance of the evidence" means "greater weight of evidence upon the issues involved."  You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof, and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.  The "preponderance of the evidence" standard merely requires that a claim or fact is more likely true than not true.

In determining whether any fact has been proved by a preponderance of evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

To help understand a preponderance of the evidence, imagine a set of scales. Since this is a courtroom, we should use the "scales of justice."  To satisfy the burden of persuasion by a preponderance of the evidence, consider that the weight of the evidence in favor of one party is on the left side of the scale and the weight of the evidence in favor of the other party is on the right side of the scale.  To be a

preponderance of the evidence, the weight of the evidence would cause the scales to tilt toward one side.  As long as the scales are tilted at all toward the side having the burden of proof, then the burden of proof by a preponderance of the evidence has been satisfied.  If the scales are tilted away from the side with the burden to prove a claim, or the scales are evenly balanced with no tilt at all, then the burden of proof by a preponderance of the evidence has not been satisfied regarding that claim.

**Source:** This instruction was drafted by Plaintiff's counsel based upon the following:

Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602 (1993).

Herman & MacLean v. Huddleston, 459 U.S. 375 (1983).

In re Winship, 397 U.S. 358, 371–72, (1970) (Harlan, J., concurring).

Metro. Stevedore Co. v. Rambo, 521 U.S. 121 (1997).

11th Cir. Pattern Jury Charges 3.7.1.

3rd Cir. Model Jury Instructions 1.10.

Dyer v. Souther, 274 Ga. 61 (2001).

*Plaintiff specifically objects* to the entirety of Suggested Pattern Charge 02.020 and Preliminary Suggested Pattern Charge 00.040.  As the Court of Appeals recently recognized, both the of these pattern charges rely on a repealed statute and

it is error to instruct the jury based on the repealed statute. White v. Stanley, No. A23A0986, 2023 WL 6413214, at *5 (Ga. Ct. App. Oct. 3, 2023) ("In sum, given the unnecessary and confusing reference to the criminal (and much higher) reasonable-doubt standard of proof that bears no relation to the straightforward definitions of preponderance of the evidence provided by our Supreme Court and federal courts, we agree with White that the trial court's instruction on preponderance-of-the-evidence standard was erroneous.").

**12.    60.001 Torts Introduction**

The case before you is (a tort case) (one) in which the plaintiff must prove by a preponderance of the evidence that the negligence of the defendant, if any, was a proximate cause of the injuries to the plaintiff.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**13.   60.010 Torts; Ordinary Negligence (Ordinary Diligence)**

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**14.     60.060 Torts; Negligence; One Act Sufficient**

The plaintiff must prove that the defendant was negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that the defendant was negligent in every way that the plaintiff claims. If you find no negligence at all on the part of the defendant, then the plaintiff's case against the defendant ends.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**15.     60.200 Torts; Proximate Cause; Definition**

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**16.   60.202 Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules (Chain Reaction Situation)**

A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery. If the chain reaction that resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff may recover.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**17.  62.610 Strict Liability in Tort; General Explanation and Burden of Proof**

The plaintiff, **Mr. Lang**, contends that he was injured because of a defective product manufactured by the defendant, **Sig Sauer.**

**Strict liability places "a burden on the manufacturer who markets a new product to take responsibility for injury to members of the consuming public for whose use and/or consumption the product is made." S K Hand Tool Corp. v. Lowman, 223 Ga. App. 712, 714 (1996) (quoting Robert F. Bullock, Inc. v. Thorpe, 256 Ga. 744, 745 (1987)).**

The manufacturer of a product that is sold as new property may be liable or responsible to any person who is injured because of a defect in the product that existed at the time the manufacturer sold the product. However, a manufacturer of a product is not an insurer, and the fact that a product may cause an injury does not necessarily make the manufacturer liable. To recover damages under this rule, a person injured by an allegedly defective product must establish the following three elements by a preponderance of the evidence:

1) the product was defective,

2) the defect existed at the time the product left the manufacturer's control, and

3) the defect in the product was the proximate cause of the plaintiff's injury.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**18.   62.640 Strict Liability; Design Defect**

A product may be found to be defective because of its particular design. Although a manufacturer is not required to ensure that a product design is incapable of producing injury, the manufacturer has a duty to exercise reasonable care in choosing the design for a product.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**19.    62.650 Strict Liability; Design Defect; Risk-Utility Test and Factors**

To determine whether a product suffers from a design defect, you must balance the inherent risk of harm in a product design against the utility or benefits of that product design. You must decide whether the manufacturer acted reasonably in choosing a particular product design by considering all relevant evidence, including the following factors:

1) the usefulness of the product;

2) the severity of the danger posed by the design;

3) the likelihood of that danger;

4) the avoidability of the danger, considering the user's knowledge of the product, publicity surrounding the danger, the effectiveness of warnings, and common knowledge or the expectation of danger;

5) the user's ability to avoid the danger;

6) the technology available when the product was manufactured;

7) the ability to eliminate the danger without impairing the product's usefulness or making it too expensive;

8) the feasibility of spreading any increased cost through the product's price or by purchasing insurance;

9) the appearance and aesthetic attractiveness of the product;

10) the product's utility for multiple uses;

11) the convenience and durability of the product;

12) alternative designs for the product available to the manufacturer; and

13) the manufacturer's compliance with industry standards or government regulations.

If you decide that the risk of harm in the product's design outweighs the utility of that particular design, then the manufacturer exposed the consumer to greater risk of danger than the manufacturer should have in using that product design, and the product is defective. If after balancing the risks and utility of the product, you find by a preponderance of the evidence that the product suffered from a design defect, then the plaintiff is entitled to recover.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**20.   62.660 Strict Liability; Design Defect; Alternative Design Evidence**

In determining whether a product was defective, you may consider evidence of alternative designs that would have made the product safer and could have prevented or minimized the plaintiff's injury.  **The reasonableness of choosing from among various alternative product designs and adopting the safest one if it is feasible is considered the "heart" of design defect cases.** ***Banks v. Ici Ams.*, 264 Ga. 732, 736 (1994).**  In determining the reasonableness of the manufacturer's choice of product design, you should consider

1) the availability of an alternative design at the time the manufacturer designed this product;

2) the level of safety from an alternative design compared to the actual design;

3) the feasibility of an alternative design, considering the market and technology at the time the product was designed;

4) the economic feasibility of an alternative design;

5) the effect an alternative design would have on the product's appearance and utility for multiple purposes; and

6) any adverse effects on the manufacturer or the product from using an alternative design.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**21.    62.680 Defect Due to Inadequate Warning**

A manufacturer has a duty to give an adequate warning of known or reasonably foreseeable dangers arising from the use of a product. The manufacturer owes this duty to warn to all persons whom the manufacturer should reasonably foresee may use or be affected by the product. A manufacturer's duty to warn may be breached by

a) failing to provide an adequate warning of the product's potential dangers or

b) failing to adequately communicate to the ultimate user the warning provided.

A product, however well or carefully made, that is sold without an adequate warning of such danger may be said to be in a defective condition. If you find by a preponderance of the evidence that the manufacturer did not warn or did not adequately warn when a warning should have been given, then you may find the product to be defective for that reason, and the plaintiff is entitled to recover.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**22.    62.683 Continuing Duty to Warn**

A manufacturer's duty to warn arises when the manufacturer knows or reasonably should know of the danger presented by the use of a product. Therefore, a manufacturer has a continuing duty to adequately warn the public of defects in a product even after that product has left the control of the manufacturer to be sold or distributed to the consumer.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**23.   66.001 Tort Damages; Preliminary Instructions**

Damages are given as pay or compensation for injury done.  When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**24.**   **66.040 Tort Damages; Expenses; Generally; Medical Expenses**

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**25.   66.501 Tort Damages; Pain and Suffering; Generally; Mental; Future**
(a) Generally

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

(b) Mental

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

**26.    66.503 Tort Damages; Pain and Suffering; Future**

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

**Source:** This instruction was taken from the Georgia Suggested Pattern Jury Instructions, January 2024, 5th Edition.

SALTZ MONGELUZZI & BENDESKY, P.C.

By:    */s/ Robert Zimmerman*
        ROBERT W. ZIMMERMAN
        RYAN D. HURD
        *Attorneys for Plaintiffs*
        (*Admitted Pro Hac Vice*)

PROTENTIS LAW LLC

By:    /s/ Matthew P. Bonham
        NICHOLAS T. PROTENTIS
        (Georgia Bar No. 176067)
        MATTHEW P. BONHAM
        (Georgia Bar No. 333759)

        5447 Roswell Road NE
        Atlanta, Georgia 30342
        Phone: (404) 593-2460
        nick@protentislaw.com
        matt@protentislaw.com